**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| **ROSSLYN2016, LLC,**[1] | § | **Case No. 25-34507** |
| **Debtors.** | § | **(Jointly Administered)** |

**TRUSTEE'S MOTION TO ENFORCE ORDER DENYING PETITIONING CREDITORS' AND THEIR COUNSEL'S MOTIONS TO QUASH AND FOR CIVIL CONTEMPT**
[Relates to Docket No. 241]

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Allison D. Byman, chapter 7 trustee (the "Trustee") in these jointly administered cases, files this motion (the "Motion") seeking to enforce the Court's *Order Denying Petitioning*

[1] The Debtors in these jointly administered cases are Rosslyn2016 LLC (Case No. 25-34507), Texas Esencia 2019 LLC (Case No. 25-34508), Timbers2020 LLC (Case No. 25-34510) (collectively, the "Debtors").

*Creditors' and Their Counsel's Motions to Quash* (Doc. No. 241) (the "Order") and to hold Adil Property Inc. ("Adil"), Kitchen Central, LLC ("Kitchen"), and CirCir, LLC ("CirCir" and collectively, the "Petitioning Creditors") and their counsel, Gregory W. Mitchell (together with the Petitioning Creditors, the "Respondents"), in contempt of the Order. In support of this Motion, the Trustee respectfully states as follows:

**RELIEF REQUESTED**

1. The Trustee seeks entry of an order, substantially in the form attached hereto (the "Order"), holding the Respondents in contempt of the Order for failing to comply with its straightforward requirement to respond to all requests for production within seven days thereof.

**JURISDICTION AND LEGAL AUTHORITY**

2. This Court has jurisdiction over civil contempt proceedings under 28 U.S.C. § 157; 11 U.S.C. § 105, and Fed. R. Bankr. P. 9020. *In re Terrebone Fuel and Lube*, 108 F.3d 609, 612-13 (5th Cir. 1997); *In re Abacus Broadcasting Corp.*, 150 B.R. 925, 928 (Bankr. W.D. Tex. 1993). A civil contempt proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). *Kellogg v. Chester*, 71 B.R. 36, 38 (N.D. Tex. 1987). A civil contempt proceeding is a core matter if it arises out of the violation of an order issued in a core proceeding. *In re Skinner*, 917 F.2d 444, 448 (10th Cir. 1990).

3. Section 105(a) of the Bankruptcy Code gives this Court the power to "issue any order ... that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). This provision gives this Court the power to "tak[e] any action ... necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.* The mechanism through which courts may take "whatever action appropriate or necessary" to protect the "integrity of the bankruptcy system" is their statutory contempt powers under section 105(a), as well as "whatever inherent contempt powers the court may have." *Bessette v. AVCO*

*Fin. Servs.*, Inc., 230 F.3d 439, 445 (1st Cir. 2000). Those contempt powers "inherently include the ability to sanction a party." *Id.*

4. A "primary aspect" of the court's inherent power is "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). For example, a court may impose sanctions in civil contempt proceedings to compensate a party for unnecessary injuries suffered and costs incurred because of the contemptuous conduct. *United States v. United Mine Workers*, 67 S.Ct. 677, 701 (1947); *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d. 392, 400 (5th Cir. 1987). A court may also disallow a creditor's proof of claim as a contempt sanction under appropriate circumstances. *See In re Avianca Holdings S.A.*, 648 B.R. 358, 364–65 (Bankr. S.D.N.Y. 2023).

**BACKGROUND**

5. The Trustee served document requests pursuant to Rule 2004 on the Respondents as part of an investigation into the truth and validity of (a) the proofs of claim filed by the Petitioning Creditors, and (b) the allegations in the involuntary petitions filed by the Petitioning Creditors and signed by Mitchell. The purpose of the Rule 2004 requests for production is to determine if the Trustee has a basis to object to the Petitioning Creditors' claims and to investigate potential fraud on the Court in their filing the involuntary petitions.

6. The Respondents responded by raising numerous objections and assertions of privilege, claiming that critical responsive documents did not exist, and producing only the documents that were previously attached to the Petitioning Creditors' proofs of claim on file against the Debtors. The Respondents then each filed a motion to quash in connection with the Trustee's discovery requests (collectively, the "Motions to Quash"). *See* Doc. Nos. 218, 219, 220 & 220.

7. On April 30, 2026, the Court held a hearing on the Motions to Quash and determined that they should be denied. Thus, that same day, the Court entered the Order, which denied the Motions to Quash and further ordered "that parties must respond to all requests for production with seven (7) days from entry of this Order."

8. Notwithstanding that the deadline established by the Order has passed, the Respondents have produced no additional documents to the Trustee as of the filing of this Motion. Instead, on May 10, 2026, the Respondents filed a *Notice of Withdrawal of Documents* (Doc. No. 253) (the "Notice of Withdrawal") attempting to withdraw the Motions to Quash.

## ARGUMENT AND AUTHORITIES

9. In a civil contempt proceeding, the moving party need only show (i) that a court order was in effect; (ii) the order required certain conduct by the respondent; and (iii) the respondent failed to comply with the court's order. *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995). Each requirement is easily met here.

10. First, the Order was entered April 30, 2026. Second, the Order required the Respondents to "respond to all requests for production" within seven days of its entry (i.e., by May 7, 2026). Third, the Respondents have produced no additional documents to the Trustee notwithstanding the denial of their Motions to Quash and the (now-overruled) objections and assertions of privilege raised therein. In fact, rather than comply with the Order, the Respondents filed their Notice of Withdrawal in an apparent attempt to avoid sanctions by withdrawing their previously denied Motions to Quash. Not only is this ineffective to immunize the Respondents from sanctions,[2] but it only serves to reinforce that they are in contempt of the Order for failing to produce a single additional document by the stated deadline.

[2] *See, e.g.*, *Phillips ex rel. Estate of Fullingim v. First Nat. Bank of Weatherford*, 258 F. Supp. 2d 501, 505 n.7 (N.D. Tex. 2002) ("The Court has already ruled on and denied Plaintiff[s]' second motion to remand, and Plaintiffs therefore

11. For the reasons set forth above, the Trustee respectfully submits that the relief requested herein is in the best interests of all parties in interest and, therefore, should be granted.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter the Order granting the relief requested herein and such other and further relief as the Court may deem appropriate under the circumstances.

Date: May 12, 2026

Respectfully submitted,

By: */s/ Aaron J. Power*

**PORTER HEDGES LLP**
Aaron J. Power (TX Bar No. 24058058)
Jordan T. Stevens (TX Bar No. 24106467)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
apower@porterhedges.com
jstevens@porterhedges.com

*Counsel to the Trustee*

**CERTIFICATE OF SERVICE**

I certify that, on May 12, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and by electronic mail to Dr. Kalkan.

*/s/ Aaron J. Power*
Aaron J. Power

cannot now withdraw that motion, assuming, without deciding, that withdrawal of that motion would have cured the misconduct at issue. Accordingly, the Court relies on its inherent power to enter the appropriate sanctions." (citing *Chambers v. NASCO*, 501 U.S. 32, 43–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991))).