IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
JUN 2 2 2026
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Rosslyn2016 LLC, *et al.*,[1] | § | Case No. 25-34507 (EVR) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**DR. FERCAN E. KALKAN'S OBJECTION TO MORGAN STANLEY'S MOTION TO DECLARE KALKAN A VEXATIOUS LITIGANT AND IMPOSEPRE-FILING INJUNCTION**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,

CHIEF UNITED STATES BANKRUPTCY JUDGE:

Dr. Fercan E. Kalkan ("Dr. Kalkan"), appearing pro se, respectfully files this Objection (the "Objection") to the Motion to Declare Kalkan a Vexatious Litigant and Impose Pre-Filing Injunction (Dkt. No. 295) (the "Motion") filed by Morgan Stanley Private Bank, National Association ("Morgan Stanley" or "Movant"), and in support states as follows:

## I. INTRODUCTION

1. A pre-filing injunction that brands a person a "vexatious litigant" is among the most serious remedies a federal court can impose. It restrains a litigant's constitutionally protected right of access to the courts, and it is reserved for the rare case of clear, repeated, and bad-faith abuse. The Motion does not present that case. It asks the Court to take an extraordinary step based on a litigation "history" the Motion itself inflates, on a finding of "bad faith" the record does not support, and on a claimed "burden" that the Court's own existing orders—which Morgan Stanley is separately moving to enforce—already address.

2. Even measured against the four-factor standard Morgan Stanley invokes, see *In re Carroll*, 850 F.3d 811, 815 (5th Cir. 2017), the Motion fails. The first factor collapses once the

[1]The Debtors in these jointly administered chapter 7 cases are Rosslyn2016 LLC (Case No. 25-34507), Texas Esencia 2019 LLC (Case No. 25-34508), and Timbers2020 LLC (Case No. 25-34510).

Court examines Morgan Stanley's own table (Mot. ¶ 12), which counts lawsuits filed by separate corporate entities, a lawsuit filed *against* Dr. Kalkan, and purely defensive responses as if each were a vexatious lawsuit filed by Dr. Kalkan personally. The second factor fails because no court has ever rejected the underlying foreclosure claims on their merits, and because Dr. Kalkan has expressly offered to amend any pleading the Court finds improper—the opposite of bad faith. The third factor fails because the burden Morgan Stanley describes is already governed by the Court's settlement order and Morgan Stanley's pending motion to enforce it (Dkt. No. 288). And the fourth factor fails because ordinary, less drastic remedies—dismissal, enforcement of the existing injunction, and the standard procedures for expunging a lis pendens—are fully adequate.

3. Separately, the proposed order Morgan Stanley submitted is overbroad, is not narrowly tailored to any specific abuse, reaches non-parties, and is internally contradictory. Dr. Kalkan respectfully requests that the Court deny the Motion. In the alternative, if the Court is inclined to grant any relief, it should do so only after an evidentiary hearing and should narrow that relief substantially.

## II. RELEVANT BACKGROUND

4. This dispute arises from Morgan Stanley's 2025 foreclosures on three apartment properties in Harris County, Texas, formerly owned by the Debtors—Rosslyn2016 LLC, Texas Esencia 2019 LLC, and Timbers2020 LLC. Dr. Kalkan was the individual principal of those entities. Morgan Stanley contends that Dr. Kalkan was a guarantor, rather than a borrower, on the related loans.

5. Morgan Stanley repeatedly characterizes Dr. Kalkan's filings as "baseless," "frivolous," and "meritless." But the Motion does not identify a single decision in which any court adjudicated and rejected the foreclosure claims on their merits. The state-court temporary restraining orders Morgan Stanley references were not denied on the merits; they expired. The prior bankruptcy case Morgan Stanley lists (No. 25-31816) was not dismissed on the merits; by Morgan Stanley's own description, it was dismissed "for failure to comply with filing requirements." And the release on which Morgan Stanley relies was not a ruling against Dr. Kalkan at all; it was a settlement between Morgan Stanley and the Chapter 7 Trustee, to which Dr. Kalkan was not a party.

6. Dr. Kalkan maintains that the claims he has asserted in his individual capacity—including the claims in his June 2, 2026 state-court petition (Harris County Cause No. 2026-37121), which Morgan Stanley's own table (Mot. ¶ 12) describes as asserting "[w]rongful foreclosure and unjust enrichment"—are individual, non-derivative claims, and that whether any such claim is barred by the Trustee's settlement is a contested question going to the merits of that claim.

7. Morgan Stanley further acknowledges that, in response to its motion to enforce the settlement order, Dr. Kalkan stated that he "is prepared to amend his petition" if the Court determines that he has pleaded an estate-owned claim. (Mot. ¶ 22 (quoting Dkt. No. 293).) Rather than wait for the Court to resolve that pending dispute, Morgan Stanley filed this Motion seeking the far more drastic remedy of a vexatious-litigant injunction.

## III. LEGAL STANDARD

8. A federal court's authority to declare a litigant vexatious and impose a pre-filing injunction derives from its inherent power and the All Writs Act, 28 U.S.C. § 1651. *Carroll*, 850 F.3d at 815. That authority is real, but the remedy is correspondingly exceptional, precisely because a pre-filing injunction restricts a litigant's access to the courts. Such an injunction must be tailored to the specific abuse it is meant to address and must preserve the litigant's legitimate right to seek relief. See *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189–90 (5th Cir. 2008).

9. As Morgan Stanley acknowledges, the Fifth Circuit weighs four factors before a litigant may be enjoined: (1) the party's history of vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good-faith basis for pursuing the litigation; (3) the burden on the courts and other parties; and (4) whether alternative sanctions would be adequate. *Carroll*, 850 F.3d at 815. Morgan Stanley, as the movant, bears the burden of establishing that these factors warrant the relief it seeks.

10. Bad faith, for purposes of the second factor, requires more than an unsuccessful or even a weak claim. It requires "repeated attempts to litigate issues that have been conclusively resolved" against the litigant, or the assertion of claims the litigant knows to be without any basis. *Id.* at 816. And under the fourth factor, a pre-filing injunction is improper where lesser sanctions would

suffice; restricting court access is justified only when the movant shows that nothing short of an injunction will protect the courts and the parties. *Id.* at 815.

## IV. ARGUMENT

### A. The first Carroll factor is not satisfied because Morgan Stanley's litigation "history" is inflated and mischaracterized.

11. Morgan Stanley's central premise is that Dr. Kalkan "has already filed nine separate lawsuits asserting this same claim, as well as two bankruptcies." (Mot. ¶ 3.) Morgan Stanley's own table (Mot. ¶ 12) does not support that premise. Several of the matters listed were filed not by Dr. Kalkan personally but by the Debtor entities—Rosslyn2016 LLC, Texas Esencia 2019 LLC, and Timbers2020 LLC—which are separate juridical persons. A corporation's lawsuit is not the individual's lawsuit, and filings made by the Debtor entities cannot be tallied against Dr. Kalkan to brand him a vexatious litigant.

12. The table (Mot. ¶ 12) is overinclusive in more fundamental ways as well. One matter Morgan Stanley lists, Cause No. 2022-33737, is styled *Pablo Salamanca v. Fercan Kalkan, et al.*—a lawsuit in which Dr. Kalkan is a named *defendant*, not a plaintiff. A suit brought *against* Dr. Kalkan is not evidence that Dr. Kalkan is abusing the courts. Another entry, the matter in *In re ENKB-Monticello, LLC* (No. 25-80418), is described in Morgan Stanley's own table (Mot. ¶ 12) as an "Objection to Morgan Stanley's Emergency Motion"—that is, a defensive response to a motion Morgan Stanley itself filed. A party's defense against another litigant's motion is not vexatious litigation. Morgan Stanley even counts the present bankruptcy case (No. 25-34507) as part of Dr. Kalkan's supposed campaign, although it is the very forum in which Morgan Stanley now seeks relief.

13. The remaining state-court matters do not establish the "duplicative" abuse Morgan Stanley alleges either. The temporary restraining orders sought were emergency measures to preserve the status quo pending a hearing; when those orders expired, the filing of a later action does not become "vexatious" simply because Morgan Stanley would have preferred that no action be filed at all. Indeed, Morgan Stanley concedes (Mot. ¶ 13) that the "stated excuse" for the second set of state suits was that counsel was unaware of the first—an explanation that, whatever its

merits, is difficult to reconcile with a finding that those filings were a calculated abuse of process by Dr. Kalkan.

14. Stripped of the entity filings, the suit filed against Dr. Kalkan, the defensive responses, and the present bankruptcy, the number of affirmative lawsuits Dr. Kalkan has filed in his own name is a small fraction of the "nine" the Motion advertises. That is not the extensive, abusive history the first *Carroll* factor requires.

**B. The second Carroll factor is not satisfied because the record does not establish bad faith, and Dr. Kalkan has offered to conform his pleadings to the Court's rulings.**

15. Bad faith under *Carroll* requires "repeated attempts to litigate issues that have been conclusively resolved" against the litigant. 850 F.3d at 816. No such conclusive resolution exists here. As explained above, the foreclosure claims have never been adjudicated and rejected on their merits—the temporary restraining orders expired, the earlier bankruptcy was dismissed on procedural grounds, and the release was a settlement between Morgan Stanley and the Trustee. A claim that has never been decided on the merits cannot have been "conclusively resolved" against the party asserting it.

16. Morgan Stanley's alternative theory—that Dr. Kalkan lacks standing because he was a guarantor rather than the borrower—is a contested legal question, not proof of subjective bad faith. Morgan Stanley's own authorities frame the issue as one of standing to be decided by a court (see Mot. at 5 n.3, citing *Goswami v. Metropolitan Savings & Loan Ass'n* and *ITT Commercial Finance Corp. v. Riehn*); they do not hold that a guarantor who asserts such a claim acts in bad faith. A litigant does not litigate vexatiously merely by advancing a legal position the opposing party believes will ultimately fail.

17. Dr. Kalkan further maintains that he has asserted claims in his individual capacity—including unjust enrichment, as Morgan Stanley's table (Mot. ¶ 12) reflects—that are not derivative of the estate's claims. Whether those individual claims survive the Trustee's settlement is precisely the kind of merits question that is resolved through ordinary motion practice, not by declaring the claimant vexatious before the question is even answered.

18. Most tellingly, Morgan Stanley itself quotes Dr. Kalkan's representation that he "is prepared to amend his petition" should the Court determine that he has pleaded an estate-owned

claim. (Mot. ¶ 22.) A litigant who offers to withdraw or amend a claim to conform to the Court's rulings is demonstrating good faith, not the entrenched intransigence *Carroll* requires. Morgan Stanley cannot fairly cite Dr. Kalkan's offer to cooperate as proof that he must be enjoined.

**C. The third Carroll factor does not support an injunction because the Court's existing orders already govern the conduct Morgan Stanley complains of.**

19. Morgan Stanley argues that Dr. Kalkan's filings burden the courts and Morgan Stanley. But by Morgan Stanley's own account, the Court has already "permanently enjoined creditors and parties in interest, including Kalkan, from taking any action to assert these released claims" and "barred the filing of derivative claims by any party." (Mot. ¶¶ 3, 9.) If that is correct, Morgan Stanley already possesses a remedy for the precise conduct it describes: enforcement of the existing order through the Court's contempt power.

20. Morgan Stanley is, in fact, already pursuing that remedy. It has filed a Motion to Enforce the Court's settlement order (Dkt. No. 288), and the parties' dispute over whether Dr. Kalkan's June 2026 petition asserts a released claim is squarely presented there. The orderly course is for the Court to resolve that pending motion. Layering a second, broader pre-filing injunction on top of an existing injunction that already covers the same conduct is unnecessary and would not reduce any burden; it would simply hand Morgan Stanley a more sweeping instrument than the situation requires.

21. To the extent Morgan Stanley complains of the lis pendens and the resulting "holding costs," those are title issues addressed by established procedures—including the motion to expunge lis pendens that Morgan Stanley represents it has already filed—and by the existing release. A vexatious-litigant injunction is not necessary to resolve a title dispute that ordinary mechanisms already reach.

**D. The fourth Carroll factor defeats the Motion because adequate, less drastic remedies are available.**

22. A pre-filing injunction is warranted only where alternative sanctions would not be adequate. *Carroll*, 850 F.3d at 815. Several adequate alternatives exist here, and Morgan Stanley has not shown that any of them has failed.

23. First, if Dr. Kalkan truly lacks standing to assert a wrongful-foreclosure claim—as Morgan Stanley insists, relying on *Goswami* and *ITT Commercial Finance*—then the ordinary remedy of dismissal for lack of standing disposes of any such claim quickly and with minimal burden. Morgan Stanley cannot have it both ways: it cannot argue that Dr. Kalkan's claims are so plainly barred as to be frivolous while also arguing that dismissing them is an inadequate response. Second, the Court's existing injunction and the Trustee's release may be enforced through the pending motion to enforce and, if necessary, the contempt power. Third, the standard tools for clouds on title—expunction of a lis pendens and the sanctions available under Bankruptcy Rule 9011—remain available. These are exactly the "alternative sanctions" the fourth factor directs the Court to weigh before resorting to an injunction.

24. Morgan Stanley's contrary argument rests on its prediction that Dr. Kalkan "will continue" to litigate "even in the face of sanctions." (Mot. ¶ 26.) That prediction is speculative, and it is undercut by Dr. Kalkan's own stated willingness to amend his pleadings to conform to the Court's rulings. The Court should not impose its most severe, access-restricting remedy on the strength of a prediction the record contradicts.

**E. Even if some relief were warranted, the proposed order is overbroad, is not narrowly tailored, and is internally inconsistent.**

25. A pre-filing injunction must be narrowly tailored to the specific abuse it is meant to remedy, and it must preserve the litigant's legitimate right of access to the courts. See *Baum*, 513 F.3d at 189–90. The proposed order Morgan Stanley submitted does not meet that standard.

26. The proposed order sweeps more broadly than the abuse Morgan Stanley describes. Although Morgan Stanley frames the Motion as concerned with re-litigation of the released wrongful-foreclosure claims, paragraph 3 of the proposed order would also bar Dr. Kalkan from "recording any lis pendens or other cloud on title covering the Properties or any portion thereof" without leave—language untethered to the released claims and broad enough to reach a future, legitimate interest in the Properties. The proposed order also extends the injunction to claims against "any subsidiary or assign" of Morgan Stanley—non-parties who are not before the Court, including future assignees not yet identified.

27. The proposed order is also internally contradictory. Paragraph 5 first preserves Dr. Kalkan's right to assert wrongful foreclosure "as a defense or inferential rebuttal . . . without seeking leave of court," but its final sentence then provides that "in no event" may Dr. Kalkan "assert any claim seeking the rescission of the foreclosure . . . without first seeking leave"—stripping away the very defensive right the paragraph had just preserved. An order that simultaneously preserves and forbids the same defensive conduct should not be entered. If the Court grants any relief, it should be limited to requiring leave before Dr. Kalkan files a *new affirmative lawsuit* asserting the specific released wrongful-foreclosure claims against *Morgan Stanley itself*, and it should expressly preserve all of Dr. Kalkan's defensive rights without exception.

**F. A vexatious-litigant finding requires a developed record, and Dr. Kalkan requests a hearing.**

28. Morgan Stanley's own proposed order contemplates that the Court's findings will be "announced on the record at the Hearing." Because a vexatious-litigant designation restricts the constitutional right of access to the courts, it should not be entered on the papers alone. Dr. Kalkan respectfully requests an evidentiary hearing at which the disputed factual assertions in the Motion—including the true number and nature of his personal filings and the status of the claims Morgan Stanley calls "released"—may be tested.

29. As a pro se litigant, Dr. Kalkan is mindful that pro se status is not a license to abuse the courts. But it is equally settled that the filings of a pro se party are construed liberally, and that the serious remedy Morgan Stanley seeks requires a clear record of abuse. That record does not yet exist.

## V. RESERVATION OF RIGHTS

30. Dr. Kalkan files this Objection without waiving, and expressly reserving, all rights, claims, defenses, and arguments, including the right to supplement this Objection, to present evidence and argument at any hearing, and to respond to any reply Morgan Stanley may file.

## VI. CONCLUSION AND PRAYER

31. For the foregoing reasons, Dr. Kalkan respectfully requests that the Court (i) DENY Morgan Stanley's Motion to Declare Kalkan a Vexatious Litigant and Impose Pre-Filing Injunction in its entirety; (ii) in the alternative, set the matter for an evidentiary hearing and limit any relief as described above; and (iii) grant Dr. Kalkan such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

Dated: June 22, 2026

*/s/ Fercan E. Kalkan*
Dr. Fercan E. Kalkan, Pro Se
143 Manor Lake Estates Dr.
Spring, Texas 77379
Telephone: (281) 770-3113
Email: Kalkan1@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the June 22, 2026, a true and correct copy of the foregoing Objection was served on all parties authorized to receive electronic notice in these jointly administered cases via the Court's CM/ECF system, and was served on counsel for Morgan Stanley by email and/or United States Mail at the addresses below:

Matthew T. Ferris
HAYNES AND BOONE, LLP
2801 N. Harwood St., Suite 2300
Dallas, TX 75201
matt.ferris@haynesboone.com

Garrett S. Martin
David Trausch
Imaan Patel
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 4000
Houston, TX 77010
garrett.martin@haynesboone.com
david.trausch@haynesboone.com
imaan.patel@haynesboone.com

*/s/ Fercan E. Kalkan*
Dr. Fercan E. Kalkan, Pro Se

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Rosslyn2016 LLC, *et al.*,[1] | § | Case No. 25-34507 (EVR) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**[PROPOSED] ORDER DENYING MORGAN STANLEY'S MOTION TO DECLARE KALKAN A VEXATIOUS LITIGANT AND IMPOSE PRE-FILING INJUNCTION**

Before the Court is the Motion to Declare Kalkan a Vexatious Litigant and Impose Pre-Filing Injunction (Dkt. No. 295) (the "Motion") filed by Morgan Stanley Private Bank, National Association, and the Objection thereto filed by Dr. Fercan E. Kalkan. Having considered the Motion, the Objection, the record in these cases, and the applicable law, the Court finds that the Motion is not well taken and should be DENIED.

**IT IS THEREFORE ORDERED that the Motion (Dkt. No. 295) is DENIED.**

Signed: ____________________, 2026.

______________________________
CHIEF UNITED STATES BANKRUPTCY JUDGE

[1] The Debtors in these jointly administered chapter 7 cases are Rosslyn2016 LLC (Case No. 25-34507), Texas Esencia 2019 LLC (Case No. 25-34508), and Timbers2020 LLC (Case No. 25-34510).