United States Bankruptcy Court
Southern District of Texas
ENTERED
July 30, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 25-34507** |
| **ROSSLYN2016, LLC** | § | |
| **and** | § | |
| **TEXAS ESENCIA 2019 LLC** | § | |
| **and** | § | |
| **TIMBERS2020 LLC,** | § | |
| **Debtors.** | § | **Jointly Administered** |
| | § | **CHAPTER 7** |

## SHOW CAUSE ORDER

The Court held a hearing on July 29, 2026 where it was brought to the Court's attention that Fercan E. Kalkan ("*Dr. Kalkan*") is using the CM/ECF e-filing privileges of attorney Jon Hill. A review of the record shows that Jon Hill filed documents on behalf of Dr. Kalkan without filing a notice of appearance. *See* Dkt. Nos. 327, 291.

"[T]he Administrative Procedures for CM/ECF . . . govern practice in the bankruptcy court" BLR 1001-1(b). The Administrative Procedures for Electronic Filing in Civil and Criminal Cases (the "*Administrative Procedures*") provide that:

> A. The user log-in and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the Court. They also serve as a signature for purposes of Fed. R. Civ. P. 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with court proceedings. Electronically filed documents must include a signature block in compliance with Local Rule 11.3.A. The Filing User under whose log-in and password the document is submitted must include an "s/" and the Filing User's typed name in the space where the signature would otherwise appear.
>
> B. Each password is personal to the Filing User, who shall not permit that password to be used by anyone, including other attorneys, other than an authorized agent of the Filing User.

Administrative Procedures for Electronic Filing in Civil and Criminal Cases, Sec. 8(A), (B) (Amended July 18, 2013).

Additionally, an attorney generally cannot represent a party in federal court without entering an appearance, and doing so informally or covertly (often referred to as ghostwriting) is widely disapproved. *See In re Cash Media Sys.*, 326 B.R. 655 (2005); *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 438 (S.D. Tex. 2015). Under its inherent power, the Court may impose sanctions on a party or a party's attorney who engages in "acts which degrade the judicial system, including . . . fraud, misleading and lying to the Court." *In re Cash Media Sys.*, 326 B.R. at 674 (Bankr. S.D. Tex. 2005) (citing *Chambers v. NASCO*, 501 U.S. 32, 42 (1991)). Covertly representing a party through "ghostwriting" is sanctionable because it undermines the integrity of the judicial process and constitutes a fraud on the Court by violating the Court's local rules and misrepresenting the true author of the filing. *See In re Cash Media Sys.*, 326 B.R. at 674. And under Rule 11(a), "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Covertly representing a party or "ghostwriting" is also sanctionable as a violation of Rule 11(a)'s signature requirement. *See In re Cash Media Sys.*, 326 B.R. at 674 ("When an attorney has the client sign a pleading that the attorney prepared, the attorney creates the impression that the client drafted the pleading. This violates both Rule 11 and the duty of honesty and candor to the court." (citing *In re Merriam*, 250 B.R. 724, 733 (Bankr. D. Colo. 2000)). *Dionisio v. S. Fin. Sys.*, 2022 U.S. Dist. LEXIS 131051, at *2 (S.D. Miss. May 13, 2022) ("Ghost-writing by an attorney of a *pro se* plaintiff's pleadings has been condemned as both unethical and a deliberate evasion of the responsibilities imposed on attorneys by Federal Rule of Civil Procedure 11.")

The record shows that Jon Hill did not sign the documents filed using his CM/ECF e-filing privileges, and that his e-filing password was used by an unauthorized person, violating the Court's Local Rules incorporating the Administrative Procedures. BLR 1001-1(b); Administrative Procedures for Electronic Filing in Civil and Criminal Cases, Sec. 8(A), (B) (Amended July 18, 2013). Moreover, there is cause to believe that Jon Hill violated Rule 11 and engaged in bad faith by representing Dr. Kalkan in proceedings before the Court without disclosing his representation to the Court. *See* FED. R. CIV. P. 11(a); *See In re Cash Media Sys.*, 326 B.R. at 674.

Accordingly, it is therefore:

**ORDERED**: that

1. On **Thursday, August 20, 2026**, **at 8:00 a.m. (Central Standard Time)** a **SHOW CAUSE** evidentiary hearing on will be held before the United States Bankruptcy Court, Houston Division. For persons wishing to appear in person, the hearing will be conducted from the United States Courthouse, Bob Casey Federal Building, Courtroom #401, 515 Rusk, Houston, TX 77002.

2. **Jon Hill and Dr. Kalkan must appear at the Show Cause Hearing in person.**

3. At the Show Cause Hearing, Jon Hill must be prepared to show cause as to why he should not be sanctioned under the Court's inherent authority, the Court's Local Rules or Rule 11 for (1) failing to sign the documents filed under his e-filing privileges; (2) allowing his e-filing privileges and password to be used by an unauthorized person; and (3) representing a party without filing a notice of appearance or otherwise disclosing the representation to the Court. Jon Hill must also show cause as to why he should not be referred to the Chief Judge of the District Court for disciplinary action.

4. Pursuant to Bankruptcy General Order 2021-05 and Bankruptcy Local Rule 9017-1, parties may either appear electronically or in person unless otherwise ordered by this Court.

5. To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Judge Rodriguez at **832-917-1510,** conference room number 999276 **and** (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez. **Parties MUST HAVE TWO SEPARATE DEVICES to appear by video and telephonically. One device will be used to log on to GoToMeeting and the other will be used to call the telephonic conference line.**

6. Parties must comply with Bankruptcy Local Rule 9013-2 and Judge Rodriguez's Court Procedures Section VII(b) regarding the exchange and submission of electronic exhibits.

7. For any witness and exhibits, parties must utilize Form 1-100 Witness & Exhibit List which can be located on this Court's home page at https://www.txs.uscourts.gov/content/chief-united-states-bankruptcy-judgeeduardo-v-rodriguez

8. No later than **Monday, August 3, 2026**, Dr. Kalkan must serve a copy of this Order on all parties entitled to notice of the hearing and file a certificate of service with the Clerk of Court.

**SIGNED Thursday, July 30, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**